IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 1:CR-99-0220 |
| Respondent | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| DALACEY PRESSLEY | : | |
| | : | |
| Petitioner | : | |

**MEMORANDUM AND ORDER**

Presently before the Court is Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 74, 77, 79) and the Government's response thereto. For the reasons addressed below, the Court will deny Petitioner's motions.

**I.    Background**

Petitioner was convicted and sentenced in this Court on October 30, 2000, for the unlawful possession of a firearm by a felon. (Doc. No. 37.) The judgment was amended on November 8, 2000. (Doc. No. 39.) On August 2, 2005, Petitioner filed the first of three pending motions to vacate sentence. (Doc. No. 74.)[1] Petitioner then filed two additional § 2255 motions on November 29, 2005 (Doc. No. 77), and January 9, 2006 (Doc. No. 79). The Government filed a Response on January 31, 2006. (Doc. No. 84.) Petitioner did not file a reply.

---

[1] On August 9, 2005, the Court mailed a notice of election form to Petitioner and requested that Petitioner return the form. See United States v. Miller, 197 F.3d 644, 645 (3d Cir. 1999). Petitioner did not return the notice of election form, but instead filed two additional motions to vacate sentence. (Doc. Nos. 77, 79.)

**II.**     **Discussion**

An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also U.S. v. Baynes, 622 F.2d 66, 68 (3d Cir. 1980). Where the record affirmatively indicates that a Petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). In his motions to vacate sentence, Petitioner argues that: (1) his pre-sentence report improperly contained juvenile convictions; (2) he was denied effective assistance of counsel; (3) his plea agreement was violated; (4) his sentence was inappropriate for the offense and exceeded the sentencing guidelines; (5) his conviction violated the bar against double jeopardy; and (7) the Government failed to disclose evidence favorable to the defense resulting in an incomplete presentence report. (Doc. Nos. 74, 77, 79.) The Government argues that Petitioner's motion is untimely. (Doc. No. 84.)

In order to be timely, a motion under § 2255 must be filed within one year from the latest of the following: (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action was removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactive; or (4) the date on which the facts supporting the claims presented could have been discovered. 28 U.S.C. § 2255. A conviction becomes final for purposes of § 2255 when all appeals are exhausted. See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (finding that "final" under § 2255 refers to a decision from which no appeal can be taken and that if a defendant does not file for review, the judgment becomes final when the time to file for review

ends).

Petitioner did not file an appeal and the instant motions were filed nearly five years after his conviction and sentencing. Petitioner does not assert that a governmentally created impediment prevented his timely filing or the recent discovery of unknown facts supporting his claims. Rather, in an apparent attempt to claim that the Supreme Court recognized a new retroactive right, Petitioner cites without explanation to the "Blakely case". (Doc. No. 74.)

In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court found that the Fifth and Sixth Amendments require that any fact that increases the punishment for an offense, regardless of whether that punishment falls below the statutory maximum for the offense, must be found by the jury, and beyond a reasonable doubt.[2] 542 U.S. at 302. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court extended its holding in Blakely to the Federal Sentencing Guidelines and ruled that the guidelines themselves were unconstitutional insofar as they were mandatory. 543 U.S. 233. However, the Third Circuit of Appeals found that the rule announced in Booker does not apply retroactively to cases on collateral review. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005) (finding that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued"). As Petitioner's conviction became final prior to Booker, this argument fails. Accordingly, Petitioner's § 2255 motions must be denied as untimely.

---

[2] Petitioner's reliance upon the Blakely decision is misplaced as the Supreme Court in Blakely specifically stated that its decision did not apply to the Federal Sentencing Guidelines. Blakely, 542 U.S. at 305 n. 9.

**III.    Order**

**AND NOW** this 30th day of June, 2006, upon consideration of Petitioner's Motion and the Government's reply, **IT IS HEREBY ORDERED THAT** Petitioner's Motions Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. Nos. 74, 77, 79) are **DENIED**.

                                                                s/ Yvette Kane
                                                                Yvette Kane
                                                                United States District Judge